ferred by the court to take proofs and report his conclusions upon the law and the facts, reported that a certain trust deed in question was not an equitable lien upon the premises involved and recommended that it be set aside and declared null and void, and his report was approved, *held* that a decree failing to set aside such deed was erroneous.

2. EQUITY, § 427*—*when question of correctness of master's report and merits of case may not be considered.* Where the master's report in a suit was approved, on motion of the party excepting thereto, *held* that the correctness of such report and the merits of the case would not be proper subjects for argument on writ of error for failure of the decree rendered, on such report to conform thereto.

Daniel A. Levy et al., trading as Levy, Tyrrell & Devenish, Defendants in Error, v. Caroline Payne, Plaintiff in Error.

Gen. No. 21,788. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed March 8, 1917. Rehearing denied March 19, 1917.

### Statement of the Case.

Attachment by Daniel A. Levy, John F. Tyrrell and William H. Devenish, trading as Levy, Tyrrell & Devenish, plaintiffs, against Caroline Payne, defendant, to recover $6,075 for moneys advanced and services rendered as attorneys. From a judgment for plaintiffs for the amount claimed, defendant brings error.

THOMAS E. SWANSON, for plaintiff in error.

JAY WARNER, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. CONTINUANCE, § 1*—*when motion for improperly denied in attachment suit.* Where an affidavit for attachment stated that the action was upon an account stated for moneys due and owing agreed upon a certain date and the defendant in her affidavit of merits denied the claim *in toto*, and certain answers to interrogatories propounded by the defendant were, without her fault, misfiled and not found until four or five days before the day set for trial, which was too late to permit the taking of her deposition or that of her counsel in New York City, she being also a resident of that city, *held* that the affidavit for attachment did not sufficiently inform the defendant as to the nature of plaintiff's claim, and denial of defendant's motion for a continuance based upon affidavits showing such facts was an abuse of discretion and continuance should have been granted.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what constitutes a statement of claim.* An affidavit of attachment stating that plaintiff's action was based upon an account stated for moneys due and owing agreed upon a certain date, *held* to be a statement of claim under the Municipal Court Act.

3. MUNICIPAL COURT OF CHICAGO, § 4*—*when county judge may preside.* A county judge is authorized to hold court in the Municipal Court of Chicago and to try a case therein involving more than $1,000, notwithstanding the jurisdiction of the County Court of which he is judge is limited to that amount.

4. APPEAL AND ERROR, § 370*—*when contention may not be urged on appeal.* The contention that a claim sued on had been assigned prior to suit to another than the plaintiff cannot be urged for the first time on review.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.